# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| EDDIE MATTHEW MOSLEY, | Case No. 18-CV-3109 (SRN/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

Petitioner Eddie Matthew Mosley filed a petition for a writ of habeas corpus challenging multiple convictions for first-degree murder incurred in state court. *See* 28 U.S.C. § 2254. The petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court now recommends that the petition be denied as untimely.

> Mosley was indicted by a Hennepin County grand jury on three counts of first-degree premeditated murder, three counts of first-degree felony murder (burglary of an occupied dwelling), and three counts of first-degree felony murder (burglary while possessing a firearm), arising out of the shooting deaths of DeLois Brown, James Bolden, and Clover Bolden. Following a bench trial, Mosley was convicted of three counts of first-degree premeditated murder, and the district court imposed three consecutive life sentences without the possibility of release.

*State v. Mosley*, 853 N.W.2d 789, 793 (Minn. 2014).

Mosley raised three claims on direct appeal before the Minnesota Supreme Court: (1) that the trial court abused its discretion and violated his constitutional rights in admitting an in-court eyewitness identification; (2) that the trial court abused its discretion

1

and violated his constitutional rights by excluding proposed expert testimony regarding the problems with eyewitness identification generally; and (3) that the prosecutor committed misconduct by eliciting testimony about Mosley's sexual history and possible activity relating to illegal drug distribution, and also by introducing into evidence text messages from Mosley to his half-sister. *See generally id.* The Minnesota Court of Appeals affirmed the convictions on September 24, 2014. *Id.* On January 26, 2015, the United States Supreme Court denied Mosley's petition for a writ of certiorari on direct appeal. *See Mosley v. Minnesota*, No. 14-7467, 135 S. Ct. 1185 (Jan. 26, 2015).

On December 21, 2015, Mosley filed a petition for postconviction relief in state court. *See State v. Mosley*, 895 N.W.2d 585, 589 (Minn. 2017). Mosley raised three claims in his postconviction petition: (1) a claim based on the allegedly newly discovered evidence of five witness attesting by affidavit that Mosley had been in another city at the time of the murders; (2) a claim of ineffective assistance of trial counsel, which in part related to the failure to investigate the alibi witnesses just mentioned; and (3) a claim of ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel claims on direct appeal. *See generally id.* The trial court denied the petition, and the Minnesota Supreme Court affirmed the denial on April 26, 2017. *Id.*

Mosley now seeks habeas corpus relief on all of the grounds raised both on direct appeal and in his state-court postconviction petition. An in-depth analysis of the merits of Mosley's habeas petition is unnecessary, though, because Mosley's claims for relief are plainly barred by the relevant statute of limitations.

Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Neither § 2244(d)(1)(B) nor § 2244(d)(1)(C) have any application to this proceeding; Mosley does not seek relief pursuant to a new rule of constitutional law, and he has not been impeded by the state from seeking federal habeas corpus relief. The relevant limitations date is therefore established by the remaining provisions of § 2244(d).

One possibility, then, is that Mosley's limitations period began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

3

> [T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). Nearly one full year had passed between the time that Mosley's petition for a writ of certiorari on direct appeal was denied by the Supreme Court (January 26, 2015) and when he filed his petition for postconviction review in state court (December 21, 2015), thereby stopping the limitations period. *See* 28 U.S.C. § 2244(d)(2). Thus, nearly the entire federal limitations period, as calculated under § 2244(d)(1)(A), had run by the time the postconviction proceedings concluded. *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (noting that § 2244(d)(2) only pauses, not restarts, the one-year clock). Moreover, as explored below, *over* another year passed between the time Mosley's postconviction proceedings concluded for purposes of § 2244(d)(2) and when he filed his federal habeas petition. Any claim governed by § 2244(d)(1)(A) is plainly too late.

This leaves § 2244(d)(1)(D). All of the claims in Mosley's postconviction petition related, at least in part and indirectly, to the five alibi witnesses declaring that Mosley was elsewhere at the time of the murders. The exact "date on which the factual predicate of the claim or claims presented could have been discovered" by Mosley "through the exercise of due diligence" is not clear from the petition or accompanying materials, 28 U.S.C. § 2244(d)(1)(D); for example, it is not known exactly when the affidavits were drafted or

when Mosley first learned of the witnesses. At the *very* latest, however, the evidence was known to Mosley on December 21, 2015, when he submitted his petition for postconviction relief in state court premised on those witnesses. *See Mosley*, 895 N.W.2d at 589. The trial court's denial of Mosley's postconviction petition was affirmed by the Minnesota Supreme Court on April 26, 2017. Mosley attests that he placed his federal habeas petition in the prison mail system on October 25, 2018. *See* Petition at 15 [ECF No. 1]. Obviously, more than a year passed between those two dates.[1] Thus, any claim predicated on newly discovered evidence is untimely as well.

Two further issues related to the limitations period merit mentioning. First, "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Appropriate cases" are rare, however. "A petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018) (quoting *Holland*, 560 U.S. at 649).

---

[1] When determining when Mosley's conviction become final by the conclusion of direct review, this Court cited the date on which the Supreme Court denied Mosley's petition for a writ of certiorari. The United States Supreme Court denied Mosley's petition for a writ of certiorari in the *postconviction* proceedings on November 6, 2017, *see Mosley v. Minnesota*, No. 17-6053, 138 S. Ct. 429 (Nov. 6, 2017), and Mosley filed his federal habeas petition within a year of *that* date. But the date on which a petition for certiorari is denied by the Supreme Court is irrelevant to determining when the § 2244(d)(2) tolling period ends. *See Lawrence v. Florida*, 549 U.S. 327, 329 (2007) ("We must decide whether a state application is still 'pending' when the state courts have entered a final judgment on the matter but a petition for certiorari has been filed in this Court. We hold that it is not."). What matters for § 2244(d)(2) is when Mosley's postconviction petition ceased to be pending in state court; per *Lawrence*, this occurred when the Minnesota Supreme Court affirmed the denial of the petition on April 26, 2017.

Nothing in the record suggests that Mosley could not have filed his federal habeas petition sooner, and thus there is no basis for concluding that the limitations period is subject to equitable tolling in this case.

Second, a convincing showing of actual innocence by a habeas petitioner is sufficient to overcome the time bar established by § 2244(d). *See McQuiggin v. Perkins*, 569 U.S. 383, 391-94 (2013). Mosley has not made such a showing. As noted by the Minnesota Supreme Court, the alibi-witness affidavits relied upon by Mosley are merely cumulative of alibi evidence that was introduced at trial. *See Mosley*, 895 N.W.2d at 590-91. Moreover, as the Minnesota Supreme Court noted in affirming the denial of Mosley's ineffective-assistance claims, "the evidence of guilt [introduced at trial] was overwhelming," *id*. at 591, and the new affidavits did little to diminish the mass of evidence that had been assembled against him. Mosley has not shown enough to justify setting aside under *McQuiggin* the application of the limitations period in this case. It is therefore recommended that Mosley's habeas corpus petition be denied as untimely.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Mosley's

current habeas corpus petition differently than it is being treated here. Mosley has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. Accordingly, it is recommended that Mosley not be issued a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Eddie Matthew Mosley [ECF No. 1] be DENIED AS UNTIMELY.

2. This case be DISMISSED.

3. No certificate of appealability be issued.

Dated: December 4, 2018                     s/ *Steven E. Rau*
                                            Steven E. Rau
                                            U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).